KATE PARKER *vs.* GEORGE B. TAYLOR & others.

Suffolk. November 21, 1901. — January 2, 1902.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Conversion.*

In this case, an action of tort against three defendants for conversion, one of the three contended that there was no evidence to connect her with the wrongful acts of the others. *Held,* that the evidence stated in the opinion tended to show that the excepting defendant participated in the conversion for which the action was brought.

TORT against George B. Taylor, Abbie E. Taylor and Miss M. Hastings for the alleged conversion of certain clothing and furniture taken from the room of the plaintiff in an apartment house belonging to the defendant Abbie E. Taylor. Writ in the Municipal Court of the City of Boston dated April 14, 1899.

On appeal to the Superior Court, the case was tried before *Aiken*, J. The defendant Abbie E. Taylor requested the judge to rule, that upon the evidence the plaintiff could not recover against her. The judge refused so to rule.

The jury returned a verdict for the plaintiff against all the defendants in the sum of $274.57 ; and the defendant Abbie E. Taylor alleged exceptions.

*D. B. Ruggles*, for Abbie E. Taylor.

*W. O. Childs*, for the plaintiff, was not called upon.

KNOWLTON, J. This is an action of tort against three defendants for the conversion of various articles of clothing and other personal property belonging to the plaintiff. A verdict was rendered against all of the defendants, and exceptions were taken by the defendant Abbie E. Taylor alone, on the ground that there was no evidence to connect her with the wrongful acts of the other defendants.

This defendant is an old lady, and the plaintiff was the occupant of a room in an apartment house belonging to her and others. One of the other defendants, George B. Taylor, is her son, and the defendant, Miss Hastings, was employed in the house as a bookkeeper. There was evidence that the defendant

said that her son was her agent and the superintendent of the hotel. Receipts for rent were signed by him as superintendent. There was testimony that the defendant had given him a lease of the suite in which the plaintiff's room was, and that he leased it to the defendant Hastings. The plaintiff's room was entered and her property was removed during her absence.

The plaintiff testified that the defendant said her lawyer would defend Miss Hastings if she went to law, and that it would not cost Miss Hastings anything; that after this action was begun the defendant came to her and wanted her to come back and take a room in another part of the hotel, and said she would see that the plaintiff was treated right next time. She had previously told the plaintiff that she had rented the plaintiff's room to Miss Hastings and that the plaintiff would have to go to Miss Hastings for her things. There was evidence that the defendant gave directions in regard to some of the plaintiff's property while it was being taken from her room, and had it brought to her own room, where the plaintiff found it. Without considering the testimony more particularly, we are of opinion that there was evidence tending to show that the defendant participated in the conversion for which the action was brought.

*Exceptions overruled.*